UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| **Javeria Jabeen,**  *Plaintiff*  v.  **Kimberly C Kelly**, in her Official Capacity as Director, National Visa Center  **Rose Kendrick,** Deputy Center Director**, US** CIS National Benefits Center  **Hon. Alejandro Mayorkas**, in his official capacity as Secretary, US Department of Homeland Security;  **Hon. Antony Blinken,** in his official capacity as Secretary, US Department of State  **Ur Jaddou**, in her Official Capacity, Director, U.S. Citizenship & Immigration Services;  **Merrick Garland**, in Official Capacity, Attorney General, U.S. Department of Justice  **Brit Featherston**, in his official capacity as US Attorney, E. District of Texas, Beaumont, TX  *Defendants* | **Mandamus Action**  Case # _____  Agency Ref: **I-130** Alien Relative Petition – USC's Petition for Sibling  **US Citizenship and Imm Svc. File #**  **National Visa Center File #** BMB2022588164 |

## I. INTRODUCTION

This action is brought by Plaintiff to compel Defendants to complete immigrant visa processing at the National Visa Center & US Consular Post level for the beneficiary, Mr. Murtuza Ahmed Jaffery Syed (along with his qualified derivative dependents) an Indian national and a biological brother of the petitioning USC Plaintiff Javaria Jabeen based on the approved I-130 Alien Relative Petition which the USC Plaintiff filed for the benefit of her alien sibling. Petitioner and applicant have completed the National Visa Center processing and have been waiting for Immigrant Visa Interview at the US Consular Post in Mumbai, India.  The matter is currently in a holding pattern at NVC/Consular post level despite lapse of several months after all required steps from the USC petitioner and alien IV applicant (both siblings) have been completed.

## II. PARTIES

1. Plaintiff **Javaria Jabeen** is a naturalized US citizen currently residing in the city of Argyle, Denton County, TX.  She is the petitioner who filed USCIS Form I-130 for the benefit of her brother Murtuza Ahmed Jaffery Syed, currently residing in India.

2. Respondent **Rose Kendrik** is the Director of USCIS National Benefits Center, named in his official capacity.

3. Respondent **Ur Jaddou** is the Director of the National Visa Center, named in her official capacity.

4. Respondent **Antony Blinken** is the Secretary for the Department of State of the United States named in his official capacity.

5. Respondent **Alejandro Mayorkas** is the Secretary for the Department of Homeland Security of the United States named in his official capacity.

6. Respondent **Ur Jaddou** is the Director United States Citizenship and Immigration Services ("U.S.C.I.S."), an agency of the United States tasked with providing services to immigrants, named in his official capacity.

7. Respondent **Merrick Garland** is the Attorney General of the United States named in her official capacity.

8. **Brit Featherston** is the US Attorney for the Eastern District of Texas with offices in Beaumont, TX named in his official capacity.

9. US Consulate General, Mumbai India.

### III. JURISDICTION

10. This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq, in conjunction with the Mandamus Act, 28 USC § 1361.

11. This Honorable Court is competent to adjudicate this case, notwithstanding the doctrine of consular non-reviewability, see *United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537 (1950), because Defendants have not made any decision in regard to alien beneficiary's visa application.

12. This is a civil action brought pursuant to 28 U.S.C. §§ 1331 and 1361 to redress the deprivation of rights, privileges and immunities secured to Plaintiff, by which jurisdiction is conferred, to compel Defendants to perform duties owed to Plaintiff.

13. Jurisdiction is also conferred by 5 USC § 704. Plaintiff is aggrieved by adverse agency action, including lack of action in this case, as the Administrative Procedures Act requires in order conferring jurisdiction on the District Courts. 5 USC § 702 et seq.

14. The aid of the Court is invoked under 28 USC §§ 2201 and 2202, authorizing a declaratory judgment.

15. Costs and attorney's fees will be sought pursuant to the Equal Access to Justice Act, 5 USC § 504, and 28 USC 2412(d), et seq.

## IV. VENUE

16. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and §1391(e) because Defendants are officers or employees of agencies of the United States government, acting in their official capacity under color of legal authority, and a substantial portion of the events and omissions giving rise to the claims herein occurred in this District, and the plaintiff resides in this District. No real property is involved in this action.

## V. LACK OF ADEQUATE ADMINISTRATIVE REMEDIES

17. Consular Officer, National Visa Center and USCIS are unwilling or unable to provide any concrete information to the Plaintiff in this matter. There is no adequate remedy available for the harm Plaintiff seeks to redress. The Defendants have failed to perform their duties of processing immigrant visa application based on an approved I-130 Alien Relative Petition.

## VII. FACTUAL ALLEGATIONS
## & CAUSES OF ACTION

*18.* Plaintiff Javaria Jabeen is a naturalized United State Citizen since **01/20/2006**.

**Exhibit A** – *Copy of Certificate of Naturalization for the petitioner, Dr. Javaria Jabeen.*

19. Plaintiff filed an I-130 petition for the benefit of her sibling on or about **February 2006**, which was approved on or about **May, 2009**.

20. Case was transferred to National Visa Center for further processing. Initial NVC notification was received on or about **01/29/2010** with basic information and notification that no further action is needed since the visa numbers for the relevant category were not available. **Exhibit B** – *NVC Notice_2010.*

21. On or around **3/29/2022** NVC sent another notice stating that the file is now active and provided instructions to submit payments and documents online. In accordance with the instructions received from NVC from time to time, Petitioner and Beneficiary submitted requested Affidavit of Support Form, Immigrant Visa Form, required fees and required supporting documents to NVC in a timely manner.

*22.* Upon completion of the requirements, National Visa Center sent a message on **November 9, 2022** to the plaintiffs that the case is '*documentarily qualified*'. **Exhibit C –** *NVC Notice_2022.*

23. The delay related stress has been exacerbated by the fact that the petitioner and the beneficiary (siblings) lost their mother who passed away on December 30, 2022. **Exhibit D** – *Mother's Death Certificate.* IV applicant has speech delay and intellectual disability by birth. **Exhibit E** – *Opinion Letter from Dr. Bimal*

*Prasad, MD, DM – IV applicant's attending physician*. IV applicant was very attached to and dependent on his mother since birth. Unfortunately, she is no more. The petitioner is in a position to help her brother by providing him a familial comforting shoulder, better medical care by virtue of being a physician herself and the fact that the treatment options available in the United States are likely to be more helpful than the options available in his native county, India.

24. The usual next step is consular level interview of the immigrant visa applicant along with his qualified dependent beneficiary's.

25. As of instant filing date, no interview date has not been scheduled despite a lapse of several months since the fila has been termed documentarily qualified by the National Visa Center.

26. As of instant filing date, the Alien Relative Petition (USCIS Form #I-130) filed by the petitioner for the benefit of her brother is in approved status and therefore provides sufficient ground for issuance of the immigrant visa to the beneficiary of the petition.

27. Plaintiff alleges that Defendants have a non-discretionary duty to conduct the immigrant visa interview and bring the matter to a close. No such interview has been scheduled as of this filing.

28. The Administrative Procedure Act requires administrative agencies to conclude matters presented to them "within a reasonable time." 5 U.S.C. § 555. A district court reviewing agency action may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). The court also may hold unlawful and set aside agency action that, *inter-alia*, is found to be: "arbitrary, capricious, an

abuse of discretion, or otherwise not in accordance with law," U.S.C. 706(2)(A); "in excess of statutory authority, or limitations, or short of statutory right," 5 U.S.C. § 706(2)(C); or "without observance of procedure required by law," 5 U.S.C. § 706(2) (D). "Agency action" includes, in relevant part, "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. §551(13). The Defendants, in violation of the Administrative Procedures Act, 5 U. S. C. §701 *et seq.*, are unlawfully withholding or unreasonably delaying action on the immigrant visa application filed by the alien relative of a USC who filed and I-130 for the benefit of such alien relative and such I-130 petition is in approved status. Therefore, Plaintiff contends that the defendants have failed to carry out the obligatory functions delegated to them.

29. As a result of Defendants' inactions, Plaintiff has suffered and continues to suffer injury. The Defendants have effectively denied the Plaintiff an opportunity to bring her brother to the United States even after she has complied with all the requirements to petition for him, all the required documents have been submitted and all required payments have been made.

30. Plaintiff seeks declaratory and injunctive relief to require the Defendants to proceed with revocation of the petition by following the required procedure referenced above or grant the visa to the beneficiary to which he is entitled.

## VI. REMEDY SOUGHT

31. Plaintiff seeks to have the Court compel Defendants to complete the Immigrant Visa Application processing for petitioner's sibling.

## VIII. PRAYER

32. WHEREFORE, in view of the arguments and authorities noted herein, Plaintiff respectfully prays that the Defendants be cited to appear herein and that, upon due consideration, the Court enters an order:

   a. Requiring the defendants to complete the process of issuing the immigrant visa to the plaintiff's brother & qualified dependents or explain the reason why it cannot be done in a timely manner and apprise the court and the plaintiff of the proposed remedy for such reason.

   b. Award of attorney's fees and costs incurred by the Plaintiff in the instant cause of action.

   c. Grant Plaintiff such other relief at law and in equity as justice may require.

**Dated**: January 31, 2023

Respectfully submitted,

/s/Naim Haroon Sakhia

**Naim Haroon Sakhia**
**CA Bar # 250818**
Sakhia Law Group
101 E. Park Blvd # 600
Plano, TX 75074
Phone: 972 359 9274
Email: nhs@sakhialawgroup.com
**Attorney for Plaintiff**